UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHIAS EL TRIBE,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL,<br><br>    Defendant. | Case No. 1:24-cv-00090-NODJ-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff Mathias El Tribe ("Plaintiff") is proceeding pro se and *in forma pauperis* ("IFP") in this action against Defendant "Attorney General."  (Doc. 1).  Pursuant to 28 U.S.C. § 1915, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss [a IFP] complaint that fails to state a claim.").

**Screening Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

**Summary of Plaintiff's Complaint**

On January 19, 2024, Plaintiff filed the instant complaint, a motion to proceed in forma pauperis, and a motion for e-filing access. (Docs. 1-3). On February 23, 2024, Plaintiff filed a motion to correct record and status under the Foreign Sovereign Immunities Act ("FSIA"). (Doc. 5). The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

According to Plaintiff's pleadings, Matthew Allen McCaster is the chief and representative of the Mathias El Tribe. (Docs. 1-2, 5). Plaintiff asserts while "legal proceedings were initiated against the Attorney General [however], it's important to clarify that this filing is

not adversarial in nature." (Doc. 5).  Plaintiff raises no claims against Defendant.  *See* (Docs. 1, 2,5).  Instead, Plaintiff asks the Court to issue a formal ruling and recognition of the Mathias El Tribe as a foreign sovereign government under the FSIA.  (Docs. 2, 5).  Plaintiff seeks clarification on the applicability of the FSIA to provide immunity in U.S. court, and the application of the Foreign Assistance Act and 25 U.S.C. §5304(e) to his tribe.  (Doc. 2 at 3).  Additionally, Plaintiff "raises inquires about the prospect of gaining recognition as an Indian tribe under 25 USC [§]5304(e) for self-determination purposes, asserting that their status aligns with 'Any Indian Tribe' as defined in the statute and Act of Congress itself." *Id*.

**Discussion**

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and controversies.'" *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2).  The Court's role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

"To satisfy Article III standing, 'the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1042 (9th Cir. 2017) (brackets omitted) (quoting *Spokeo, Inc. v. Robins* (*Spokeo II*), 136 S. Ct. 1540, 1547 (2016)).  A plaintiff establishes an injury in fact, if "he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo II*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  However, "a plaintiff does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'  Even then, 'Article III standing requires a concrete injury.'" *Robins v. Spokeo, Inc.* (*Spokeo III*), 867 F.3d 1108, 1112 (9th Cir. 2017) (citation and brackets omitted) (quoting *Spokeo II*, 136 S. Ct. at 1549).

1   Here, Plaintiff identifies no injury in fact and instead asks the Court to issue an advisory
2   opinion as to his "tribe's" status under several federal statutes. *See e.g., Flast v. Cohen*, 392 U.S.
3   83, 96 (1968) (emphasizing that "it is quite clear that 'the oldest and most consistent thread in the
4   federal law of justiciability is that the federal courts will not give advisory opinions.'") (internal
5   citation omitted); *DHX. Inc. v. Allianz AGF MAT. Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005)
6   (citation omitted).  Where there is no injury in fact, currently or prospectively, there is no "live"
7   controversy, and the case is rendered moot.  *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1092
8   (9th Cir. 2004).  Accordingly, Plaintiff's complaint must be dismissed for lack of standing.
9   Additionally, the Court is not the appropriate forum to determine the "prospect of gaining
10  recognition as an Indian tribe." (Doc. 2 at 3).  Historically, Congress had recognized Indian tribes
11  by treaty.  *See Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 57 (2d Cir. 1994).
12  In 1871, this practice ended, and tribal recognition occurred through executive orders and
13  legislation.  Roberto Iraola, *The Administrative Tribal Recognition Process and the Courts*, 38
14  Akron L. Rev. 867, 871 (2005).  In 1978, pursuant to broad authority delegated by Congress,[1] the
15  United States Department of the Interior ("DOI") promulgated regulations establishing a formal
16  recognition process.  25 C.F.R. § 83.1-2 *et seq.*; *see generally Kahawaiolaa v. Norton*, 386 F.3d
17  1271, 1273-74 (9th Cir. 2004).  Thus, the DOI is responsible for determining which tribes have
18  met the requirements to be acknowledged as a tribe with a government-to-government
19  relationship with the United States.  *Id*. at 1274.

20  **Leave to Amend**

21  Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so
22  requires." Fed. R. Civ. P. 15(2).  However, district courts are only required to grant leave to
23  amend if a complaint can be saved.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).
24  "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*.  When a

---

[1] *See Miami Nation of Indians of Ind., Inc. v. U.S. Dep't of the Interior*, 255 F.3d 342, 345 (7th Cir. 2001), cert. denied, 534 U.S. 1129 (2002) ("Congress has delegated to the executive branch the power of recognition of Indian tribes without setting forth any criteria to guide the exercise of that power.") (citing 25 U.S.C. §§ 2, 9).

4

complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Here, Plaintiff cannot cure the defects identified above. Plaintiff has not established a live controversy and requests relief of a type the Court is not empowered to grant. Accordingly, the Undersigned concludes that leave to amend Plaintiff's complaint would be futile. *See, e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**Conclusion and Recommendations**

For the reasons discussed above, the Undersigned RECOMMENDS that:

1. Plaintiffs' complaint (Doc. 1) be DISMISSED with prejudice and without leave to amend;
2. Plaintiff's motion for e-filing access (Doc. 3), and motion to correct record and status under FSIA (Doc. 5) be DENIED AS MOOT; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 12, 2024__                                    _____
                                                             UNITED STATES MAGISTRATE JUDGE