**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATHIAS EL TRIBE, | Case No. 1:24-cv-0090 KES CDB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE JUDGMENT, AND REQUEST FOR LEAVE TO AMEND |
| v. | (Doc. 11) |
| ATTORNEY GENERAL, | |
| Defendant. | ORDER MODIFYING THE TERMS OF DISMISSAL UNDER RULE 60(a), AND DISMISSING THE ACTION WITHOUT PREJUDICE |

Mathias El Tribe proceeded *pro se* in this action, in which he requested the court to recognize the Mathias El Tribe as a foreign sovereign government under the Foreign Sovereign Immunities Act ("FSIA").  Plaintiff also inquired about the ability to gain recognition as a tribe under 25 U.S.C. § 5304(e) "for self-determination purposes."  Doc. 2 at 3; Doc. 5 at 1.  Further, Plaintiff requested clarification on the applicability of the FSIA and Foreign Assistance Act.  *Id.*

Upon review of Plaintiff's complaint and a subsequent motion for status under the FSIA, the assigned magistrate judge found Plaintiff did not identify any injury-in-fact, and he instead requested only "an advisory opinion as to his [tribe's] status under several federal statutes."  Doc. 6 at 4.  The magistrate judge also noted that the district court is not the appropriate forum for a tribe to seek recognition, as such authority is granted to the U.S. Department of the Interior.  *Id.*  The magistrate judge determined that leave to amend was futile because Plaintiff did not identify

1

a live controversy and the district court is not empowered to grant the relief requested.  *Id.* at 5. The magistrate judge recommended dismissal "with prejudice and without leave to amend."  *Id.*

Following the findings and recommendations, Plaintiff filed a letter in which he acknowledged this court does not have "proper jurisdiction for [the] matter.  Doc. 8 at 1. Plaintiff explained the action is not adversarial—because he did not seek to state a claim *against* the Attorney General—but rather requested the court "acknowledge the inherent sovereignty of the Mathias El Tribe and its people."  *Id.* at 2.  Plaintiff indicated his tribe intended "to seek answers from the appropriate authority, distinct from the district court…"  *Id.*  The court construed the letter as a notice of non-opposition to the findings and recommendations.  Doc. 9 at 2.

The court performed a de novo review of the matter and determined the findings and recommendations were supported by the record and proper analysis.  Doc. 9 at 2.  The court found Plaintiff did not address the issue of standing and did not identify any injury-in-fact in the responsive letter.  *Id.*  The court dismissed the action with prejudice and without leave to amend on September 30, 2024.  *Id.*  Plaintiff now requests the court "reconsider and vacate its prior order of dismissal and grant [him] leave to amend the complaint" pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Doc. 11 at 1.

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations omitted, emphasis in original).

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

///

2

proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pursuant to the Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff contends that reconsideration should be granted under Rule 60(b)(4), asserting the "dismissal was premature and denied Plaintiff the opportunity to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a)(2)." Doc. 11 at 1. He asserts amendment is appropriate to name Indian Health Services as a defendant, because IHS failed to provide services to the tribe under Public Law 93-638. *Id.* at 2. Plaintiff argues the judgment should be vacated for lack of jurisdiction, because the court "exceeded its authority under the Federal Rules" by not granting leave to amend prior to dismissal. *Id.* Plaintiff contends this renders the judgment void under Rule 60(b)(4). *Id.*

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Such infirmities are extremely rare, as they must be premised on "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)). Although Plaintiff suggests that he was deprived of an opportunity to be heard

3

through the lack of amendment, the magistrate judge found leave to amend was futile for the claims raised.   Plaintiff fails to show a violation of due process, because he received the opportunity to object to this finding.  Plaintiff did not have standing to assert his claim against the Attorney General and the court lacked jurisdiction to grant the relief requested in the complaint. Plaintiff fails to show the proposed amendment to name a new defendant could cure the jurisdictional defect identified.  Consequently, Plaintiff does not show the judgment is void or that relief is appropriate under Rule 60(b)(4).

Nevertheless, the court finds this case should have been dismissed *without* prejudice, rather than with prejudice, given that Plaintiff did not demonstrate standing and the court lacks jurisdiction to grant the relief requested.  *See, e.g., Barke v. Bankes*, 25 F.4th 714, 721 (9th Cir. 2022) ("dismissals for lack of Article III jurisdiction must be entered without prejudice"); *Adams v. Skagit Bonded Collectors, LLC*, 836 Fed. Appx. 544, 547 (9th Cir. 2020) (vacating a judgment and remanding with instructions for the district court to dismiss without prejudice where the plaintiff failed to demonstrate standing).  Modification of the dismissal is appropriate under Rule 60(a), which authorizes the court to *sua sponte* correct a mistake in a prior order arising from an oversight.  Fed. R. Civ. P. 60(a); *see also Sartin v. McNair Law Firm PA*, 756 F.3d 259, 268 (4th Cir. 2014) (correcting the dismissal of an action from "with prejudice" to "without prejudice" is appropriate under Rule 60(a)).

Based upon the foregoing, the Court **ORDERS**:

1.      Plaintiff's motion for reconsideration and related relief pursuant to Rule 60(b)(4) is **DENIED**.

2.      The dismissal is **MODIFIED** pursuant to Rule 60(a), and the action is dismissed *without* prejudice, and without leave to amend.

**This action shall remain closed**.

IT IS SO ORDERED.

Dated:    February 3, 2026

_____
UNITED STATES DISTRICT JUDGE

4