# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MATHIAS EL TRIBE,

               Plaintiff,

     v.

ATTORNEY GENERAL,

               Defendant.

Case No. 1:24-cv-0090 KES CDB

ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE ORDER DENYING RECONSIDERATION

(Doc. 13)

Mathias El Tribe proceeded *pro se* in this action, requesting recognition of the Mathias El Tribe as a foreign sovereign government under the Foreign Sovereign Immunities Act ("FSIA"). Plaintiff also inquired about the ability to gain recognition as a tribe under 25 U.S.C. § 5304(e). Doc. 2 at 3; Doc. 5 at 1. Further, Plaintiff requested clarification on the applicability of the FSIA and Foreign Assistance Act. *Id.* The court dismissed the action with prejudice and without leave to amend on September 30, 2024. *Id.*

After the court dismissed the action, Plaintiff filed a "motion for reconsideration, to vacate judgment, and for leave to amend" pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Doc. 11. On February 3, 2026, the court denied the motion, finding Plaintiff failed to show the judgment was void or that relief was appropriate under Rule 60(b)(4). *Id.* at 2-4. As Plaintiff did not establish standing for his claims and the court lacked jurisdiction to grant the relief requested in the complaint, the court modified the dismissal to be without prejudice. *Id.* at

1

4. Plaintiff now contends the order is void and requests the court vacate it pursuant to Rule 60(b)(4).  Doc. 13.

As the court recently explained in its prior order, reconsideration under Rule 60(b) is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.*  Rule 60(b)(4) indicates such relief may be granted when "the judgment is void."  Fed. R. Civ. P. 60(b)(4). Plaintiff contends that relief should be granted under Rule 60(b)(4), because there was no active case or controversy and the court lacked jurisdiction.  Doc. 13 at 2.

For purposes of Rule 60(b)(4), "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  Such infirmities are extremely rare, as they must be premised on "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).  Plaintiff's motion fails to establish the judgment is void and he fails to establish that relief is appropriate under Rule 60(b)(4).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion pursuant to Rule 60(b)(4), Doc. 13, to vacate the order filed February 3, 2026, is **DENIED**.

**2.** This action **SHALL** remain closed, and **no further filings will be accepted or considered by the court in this action.**

IT IS SO ORDERED.

Dated:    February 25, 2026

_____
UNITED STATES DISTRICT JUDGE

2

Case 1:24-cv-00090-KES-CDB   Document 14   Filed 02/26/26   Page 3 of 3

3